10-21381.oc

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA**
Miami Division

Case Number: 10-21381-CIV-MARTINEZ-BROWN

ROBERT AND ELIZABETH ZAZULA,
ERIK AND TRINE GRAVGAARD, and
NICOLAI SKOV,

    Plaintiffs,

vs.

KIMPTON HOTELS AND RESTAURANTS,
L.L.C., d/b/a THE EPIC HOTEL AND CULLIGAN
INTERNATIONAL COMPANY,

    Defendants.
_____/

## ORDER ON MOTIONS TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Hufsey, Nicolaides-Garcia-Suarez, Associates, Inc.'s Motion to Dismiss the Third-Party Complaint by Culligan International Company (D.E. 105), Third Party Defendant, RVL Architecture + Design, P.A.'s Motion to Dismiss Culligan International Company's Third Party Complaint for Common Law Indemnity and Contribution (D.E. 141), and Third Party Defendant, Cailis Mechanical Corp.'s ("Cailis") Motion to Dismiss Third Party Complaint (D.E. 150). Third-Party Plaintiff Culligan International Company ("Culligan") has failed to respond to the Motions, which is grounds for granting the Motions by default. See Local Rule 7.1(c).

### Facts

This action arises out of a Third Amended Complaint filed by Plaintiffs Robert and Elizabeth Zazula, Erik and Trine Gravgaard and Nivolai Skov ("Plaintiffs") against multiple Defendants, including Kimpton Hotels & Restaurants, LLC ("Kimpton"), Epic Hotel, LLC ("Epic"), and Epic

Beneficiary, LLC, Culligan International Co. ("Culligan"), DP Property Holding, LLC, CMC Construction, Inc. ("CMC"), RVL Architecture + Design, P.A.'s ("RVL"), Douglas Orr Plumbing, Inc. ("Orr"), Hufsey-Nicolaides-Garcia-Suarez Associates, Inc. ("HNGS"), Cailis Mechanical Corp. ("Cailis") and NALCO for alleged injuries caused by the water filtration system installed at the Epic Hotel, which allegedly exposed Plaintiffs to Legionnaires' Disease.

Culligan, the supplier of the water filtration system at the hotel, has filed a Third-Party Complaint for Common Law Indemnity and Contribution against certain Third-Party Defendants, including HNGS (allegedly the mechanical engineer responsible for design and installation of the plumbing and filtration systems), RVL (allegedly the architect responsible for overall design supervision) and Cailis (allegedly the mechanical systems subcontractor responsible for coordination of all piping and connections) against each of the Third-Party Defendants.[1] Third-Party Defendants HNGS, RVL and Cailis each move to dismiss the claims raised against them pursuant to Fed.R.Civ.P. 12(b)(6).

## Discussion

For purposes of a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations of material fact must be taken as true. Watts v. Florida Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007). In order to survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), a plaintiff must provide "more than labels and conclusions," and the complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). In Watts, 495 F.3d 1289 (11th Cir. 2007), the Court summarized the principles established in Twombly as follows:

---

[1] As correctly noted by Cailis, because Plaintiffs have now included these entities as Defendants in the Third Amended Complaint, the claims are technically cross-claims, rather than third-party claims.

> The standard is one of "plausible grounds to infer." The Court has instructed us that the rule "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. It is sufficient if the complaint succeeds in "identifying facts that are suggestive enough to render [the element] plausible."

Id. at 1295-96. As such, a complaint is facially plausible when the plaintiff has pleaded sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

### I. Indemnity

The elements of a claim of indemnity under Florida law are: (1) the party seeking the indemnity must be without fault, and its liability must be vicarious and solely based on the wrong of another; (2) the party from whom indemnity is sought must be at fault; and (3) there must be a "special relationship" between the two parties. Dade County Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638, 642 (Fla. 1999). This relationship may arise, for example, out of an express or implied contract, or a duty which exists between the two parties. See Seaboard Coast Line R. Co. v. Smith, 359 So. 2d 427, 428 (Fla. 1978). Each of the three Third-Party Defendants argue (and Culligan has not refuted) that they had no such relationship with Culligan. Therefore, the indemnity counts are subject to dismissal.

### II. Contribution

Under Florida law, the right of contribution only applies "when two or more persons become jointly or severally liable in tort for the same injury ...." Fla. Stat. §768.31. The Third-Party Defendants correctly note that Florida Statute § 768.81(3), which provides that in negligence cases, the Court "shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability...," has essentially "rendered obsolete" a claim for contribution in a negligence case such as this. See T & S Enterp. Handicap

Accessibility, Inc. v. Wink Ind. Maint. & Repair, Inc., 11 So. 3d 411, 413 (Fla. 2d DCA 2009). Accordingly, the contribution counts are also subject to dismissal.

The Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant Hufsey, Nicolaides-Garcia-Suarez, Associates, Inc.'s Motion to Dismiss the Third-Party Complaint by Culligan International Company (D.E. 105) is hereby **GRANTED**, and Counts IV and X of the Third-Party Complaint are hereby **DISMISSED** with prejudice.

2. Third Party Defendant, RVL Architecture + Design, P.A.'s Motion to Dismiss Culligan International Company's Third Party Complaint for Common Law Indemnity and Contribution (D.E. 141) is hereby **GRANTED**, and Counts II and VIII of the Third-Party Complaint are hereby **DISMISSED** with prejudice.

3. Third Party Defendant, Cailis Mechanical Corp.'s Motion to Dismiss Third Party Complaint (D.E. 150) is hereby **GRANTED**, and Counts V and XI of the Third-Party Complaint are hereby **DISMISSED** with prejudice.

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida on this 2d day of May, 2011.

_____
STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Counsel of record