10-21381.od

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA**
Miami Division

Case Number: 10-21381-CIV-MARTINEZ-BROWN

ROBERT AND ELIZABETH ZAZULA,
ERIK AND TRINE GRAVGAARD, and
NICOLAI SKOV,

    Plaintiffs,

vs.

KIMPTON HOTELS AND RESTAURANTS,
L.L.C., d/b/a THE EPIC HOTEL AND CULLIGAN
INTERNATIONAL COMPANY,

    Defendants.
_____/

## ORDER ON MOTIONS TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Douglas Orr Plumbing, Inc.'s Motion to Dismiss Culligan's Count IX, Contribution Against Douglas Orr (D.E. 120) and on Third-Party Defendant, Douglas Orr Plumbing, Inc.'s Motion to Dismiss Kimpton Hotel & Restaurants, LLC, Epic Hotel, LLC and Epic Beneficiary, LLC's Contribution Count Against Douglas Orr (D.E. 122).[1]

Third-Party Plaintiff Culligan International Company ("Culligan") has failed to respond to the Motion, which is grounds for granting the Motions by default. See Local Rule 7.1(c).

### Facts

This action arises out of a Third Amended Complaint filed by Plaintiffs Robert and Elizabeth

---

[1] Third-Party Plaintiffs Kimpton Hotel & Restaurant Group, LLC, Epic Hotel, LLC and Epic Beneficiary, LLC have filed a Response in which they agree to voluntarily dismiss the Contribution Count without prejudice.

Zazula, Erik and Trine Gravgaard and Nivolai Skov ("Plaintiffs") against multiple Defendants, including Culligan, for alleged injuries caused by the water filtration system installed at the Epic Hotel, which allegedly exposed Plaintiffs to Legionnaire's Disease.

Culligan, the supplier of the water filtration system at the hotel, has filed a Third-Party Complaint for Common Law Indemnity and Contribution against certain Third-Party Defendants, including Defendant Douglas Orr Plumbing, Inc. ("Orr") (allegedly the plumbing contractor responsible for design and installation of the plumbing and filtration systems). Orr moves to dismiss Count IX, Contribution, pursuant to Fed.R.Civ.P. 12(b)(6).

## Discussion

For purposes of a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations of material fact must be taken as true. Watts v. Florida Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007). In order to survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), a plaintiff must provide "more than labels and conclusions," and the complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). In Watts, 495 F.3d 1289 (11th Cir. 2007), the Court summarized the principles established in Twombly as follows:

> The standard is one of "plausible grounds to infer." The Court has instructed us that the rule "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. It is sufficient if the complaint succeeds in "identifying facts that are suggestive enough to render [the element] plausible."

Id. at 1295-96. As such, a complaint is facially plausible when the plaintiff has pleaded sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Under Florida law, the right of contribution only applies "when two or more persons become jointly or severally liable in tort for the same injury...." Fla. Stat. §768.31. Orr correctly notes that Florida Statute § 768.81(3), which provides that in negligence cases, the Court "shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability...," has essentially "rendered obsolete" a claim for contribution in a negligence case such as this. See T & S Enterp. Handicap Accessibility, Inc. v. Wink Ind. Maint. & Repair, Inc., 11 So. 3d 411, 413 (Fla. 2d DCA 2009). Accordingly, the contribution counts are also subject to dismissal.

The Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Third-Party Defendant, Douglas Orr Plumbing, Inc.'s Motion to Dismiss Kimpton Hotel & Restaurants, LLC, Epic Hotel, LLC and Epic Beneficiary, LLC's Contribution Count Against Douglas Orr (D.E. 122) is hereby **GRANTED**, and the count for Contribution is hereby **DISMISSED** with prejudice.

2. Defendant Douglas Orr Plumbing, Inc.'s Motion to Dismiss Culligan's Count IX, Contribution Against Douglas Orr (D.E. 120) is hereby **GRANTED**, and Count IX of the Third-Party Complaint is hereby **DISMISSED** with prejudice.

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida on this 2d day of May, 2011.

_____
STEPHEN D. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Counsel of record