10-21381.oe

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 10-21381-CIV-MARTINEZ-BROWN

ROBERT AND ELIZABETH ZAZULA,
ERIK AND TRINE GRAVGAARD, and
NICOLAI SKOV,

    Plaintiffs,

vs.

KIMPTON HOTELS AND RESTAURANTS,
L.L.C., d/b/a THE EPIC HOTEL AND CULLIGAN
INTERNATIONAL COMPANY,

    Defendants.
_____/

## ORDER ON DEFENDANT, RVL ARCHITECTURE + DESIGN, P.A.'S MOTION TO DISMISS THIRD PARTY COMPLAINT

**THIS CAUSE** is before the Court upon Defendant RVL Architecture + Design, P.A.'s ("RVL") Motion to Dismiss Third Party Complaint (D.E. 104). The Court has reviewed the Motion and the Response and is otherwise fully advised.

### Facts

This action arises out of a Third Amended Complaint filed by Plaintiffs Robert and Elizabeth Zazula, Erik and Trine Gravgaard and Nivolai Skov ("Plaintiffs") against multiple Defendants, including Kimpton Hotels & Restaurants, LLC ("Kimpton"), Epic Hotel, LLC ("Epic"), and Epic Beneficiary, LLC, Culligan International Co. ("Culligan"), DP Property Holding, LLC, CMC Construction, Inc. ("CMC"), RVL Architecture + Design, P.A.'s ("RVL"), Douglas Orr Plumbing, Inc. ("Orr"), Hufsey-Nicolaides-Garcia-Suarez Associates, Inc. ("HNGS"), Cailis Mechanical Corp. ("Cailis") and NALCO for alleged injuries caused by the water filtration system installed at the Epic

Hotel, which allegedly exposed Plaintiffs to Legionnaire's Disease.

Kimpton, the operator of the hotel, Epic, the owner of the hotel, and Epic Beneficiary, LLC (collectively "Hotel Defendants") filed a Third-Party Complaint against certain Third-Party Defendants, including HNGS (allegedly the mechanical engineer responsible for design and installation of the plumbing and filtration systems), RVL (allegedly the architect responsible for overall design supervision), Douglas Orr Plumbing, Inc. (allegedly the plumbing contractor responsible for design and installation of the plumbing and filtration systems), and CMC (the general contractor on the project).

RVL moves to dismiss the Third-Party Complaint on several grounds.

## Discussion

### I. Failure to Properly Plead Separate Counts

Citing Florida case law, RVL initially argues that the Third-Party Complaint must be dismissed because multiple parties are charged in each count. Pleading in this Court is governed by Federal Rules of Civil Procedure, which do not require a separate count for each party. Accordingly, dismissal on this ground is denied.

### II. Fed.R.Civ.P. 12(b)(6)

For purposes of a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations of material fact must be taken as true. Watts v. Florida Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007). In order to survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), a plaintiff must provide "more than labels and conclusions," and the complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). In Watts, 495 F.3d 1289 (11th Cir. 2007), the Court summarized the principles established in Twombly as follows:

> The standard is one of "plausible grounds to infer." The Court has instructed us that the rule "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. It is sufficient if the complaint succeeds in "identifying facts that are suggestive enough to render [the element] plausible."

Id. at 1295-96. As such, a complaint is facially plausible when the plaintiff has pleaded sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

### A. Equitable Subrogation

The Hotel Defendants have agreed to dismiss this cause of action without prejudice.

### B. Indemnification

The elements of a claim of indemnity under Florida law are: (1) the party seeking the indemnity must be without fault, and its liability must be vicarious and solely based on the wrong of another; (2) the party from whom indemnity is sought must be at fault; and (3) there must be a "special relationship" between the two parties. Dade County Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638, 642 (Fla. 1999). This relationship may arise, for example, out of an express or implied contract, or a duty which exists between the two parties. See Seaboard Coast Line R. Co. v. Smith, 359 So. 2d 427, 429 (Fla. 1978). RVL argues that the Hotel Defendants have failed to allege the existence of a special relationship. However, the Hotel Defendants allege that they are "the third party beneficiaries of the contract between the developer and RVL." Third Pty. Complt. ¶ 33. Accordingly, the motion to dismiss on this ground will be denied.

### C. Contribution

Under Florida law, the right of contribution only applies "when two or more persons become jointly or severally liable in tort for the same injury ...." Fla. Stat. §768.31. RVL correctly notes that Florida Statute § 768.81(3), which provides that in negligence cases, the Court "shall enter judgment

against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability...," has essentially "rendered obsolete" a claim for contribution in a negligence case such as this.   See T & S Enterp. Handicap Accessibility, Inc. v. Wink Ind. Maint. & Repair, Inc., 11 So. 3d 411, 413 (Fla. 2d DCA 2009). Accordingly, the contribution count is subject to dismissal.

The Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that Defendant RVL Architecture + Design, P.A.'s ("RVL") Motion to Dismiss Third Party Complaint (D.E. 104) is hereby **GRANTED**, in part, as to the Count for Equitable Subrogation, which is hereby **DISMISSED** without prejudice, and as to the Count for Contribution, which is hereby **DISMISSED** with prejudice. The Motion is hereby **DENIED** as to the Count for Indemnification.

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida on this 2d day of May, 2011.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Counsel of record